PER CURIAM.
Petitioners are contractors and suppliers for the new capitol construction project. They interpret their construction contract specifications as requiring they receive additional payment for work done by them on the capitol building security system. Schedule 16707 of that contract details the sophisticated security system to be used in the capitol. Petitioners, however, argue alternate bid number seven, which was rejected by the state, contemplated that additional work be done for the building monitoring system for both fire and security. The petitioners contended, and the hearing officer in the Section 120.57 hearing agreed, subsection (c) of the alternate bid was ambiguous and should be interpreted so as to exclude items in the building security subsystem found in schedule 16707, such ambiguity being construed against the drafter of the contract, the state. The Governor and Cabinet, sitting as agency head, rejected the recommended order of the hearing officer.
The final order held, and we agree, alternate bid number seven is not ambiguous; the petitioners were unreasonable in interpreting that clause to exclude any work item described in schedule 16707, and additional compensation should not be paid for the work in dispute. The agency head’s interpretation of the contract, being one of law and not of fact, did not reject or modify the findings of fact of the hearing officer. A review of the complete record was not necessary, nor need the final order of the reviewing agency state that the findings of fact in the recommended order were not based upon competent substantial evidence, *44 or that the proceedings did not comply with the essential requirements of law, as required by Section 120.57(l)(b)9, Florida Statutes (Supp.1976). Cf. McDonald v. Dept. of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). The petition for review is
DENIED.
MILLS, Acting C. J., and SMITH and ERVIN, JJ., concur.